UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
JAMES MURRAY,

                        Plaintiff,

   v.                                                      9:05-CV-1186
                                                                (GTS)(RFT)
EVELYN WISSMAN, Doctor; MANVILLE, Corrections Officer;
T. BROUSSEAU, Inmate Grievance Program Supervisor;
ROY A. GIRDICH, Superintendent; RICHARDS, Physician;
JOHN/JANE DOE #1- #18,

                        Defendants.
--------------------------------------------------------------------------
APPEARANCES:                           OF COUNSEL:

JAMES MURRAY
Plaintiff, *pro se*
95-A-4417

HON. ANDREW M. CUOMO               MICHAEL G. MCCARTIN, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, UNITED STATES DISTRICT JUDGE

## DECISION and ORDER

Presently before the Court is a Motion for injunctive relief filed by James Murray ("Murray").  Dkt. No. 36.  Defendants have opposed the Motion.  Dkt. No. 40.

**A.  Background.**

The underlying claims in this action are against employees at Upstate Correctional Facility.  Dkt. No. 6.  In his amended Complaint Plaintiff alleges that the Defendants failed to address and treat his medical conditions, failed to process grievances, interfered with his mail, and, on occasion failed to provide Plaintiff with adequate bedding, food, showers and recreation.  *Id.*  The events in the amended

Complaint are alleged to have occurred between September 2002 and February 2003. *Id*. The Defendants named in this action include two physicians, Wissman and Richards, corrections officer Manville, and Inmate Grievance Supervisor Brousseau. Plaintiff also named eighteen (18) Doe Defendants, none of whom have been added to this action by name. *Id*. All pretrial deadlines have expired except for the dispositive motion filing deadline which is presently scheduled for October 31, 2008. Dkt. No. 28.

## B. Plaintiff's Motion for Injunctive Relief.

The Motion presently before the Court seeks an Order from this Court (1) requiring Plaintiff to serve all papers related to this action on Defendants and the Court by certified mail, and (2) requiring Plaintiff to file all papers relating to this action with the Court.[1] Plaintiff further seeks an Order from this Court requiring Commissioner Brian Fischer to (1) immediately transfer Plaintiff to a correctional facility within 100 miles of Westchester County where Plaintiff has not sued any of the employees,[2] (2) arrange for Plaintiff to be seen by an independent physician, (3) issue Plaintiff a "front cuff order," (4) provide Plaintiff with eyeglasses, (5) issue a "boot permit" to Plaintiff,

---

[1]Plaintiff alleges that he has lost legal papers when being moved from one facility to another for court matters and depositions. Thus, Plaintiff seeks to create a "back up" file of all his related papers in this Court's file.

[2]Plaintiff has filed four other actions in this District against Department of Correctional Services employees, as well as actions in the other District Courts in New York. *See Murray v. New York*, 96-CV-3413 (S.D.N.Y.); *Murray v. Westchester County Jail*, 98-CV-0959 (S.D.N.Y.); *Murray v. McGinnis*, 99-CV-1908 (W.D.N.Y.); *Murray v. McGinnis*, 99-CV-2945 (S.D.N.Y.); *Murray v. McGinnis*, 00-CV-3510 (S.D.N.Y.); Murray v. State of New York, 03-CV-1010 (N.D.N.Y.); *Murray v. Jacobs*, 04-CV-6231 (W.D.N.Y.); *Murray v. Bushey*, 04-CV-0805 (N.D.N.Y.); *Murray v. Goord*, 05-CV-1113 (N.D.N.Y.); *Murray v. Wissman*, 05-CV-1186 (N.D.N.Y.); *Murray v. Goord*, 05- CV-1579 (N.D.N.Y.); *Murray v. Doe*, 06-CV-0205 (S.D.N.Y.); *Murray v. O'Herron*, 06-CV- 0793 (W.D.N.Y.); *Murray v. Goord*, 06-CV-1445 (N.D.N.Y.); *Murray v. Fisher*, 07-CV-0306 (W.D.N.Y.); *Murray v. Escrow*, 07-CV-0353 (W.D.N.Y.).

(6) require that Plaintiff be provided a kosher medical diet, (7) require that Plaintiff be able to use the visiting room lavatory when requested, (8) arrange for Plaintiff to receive receipts for all grievances he files and to have Plaintiff sign a receipt for each response he receives, (9) arrange for Plaintiff to receive all food and drink in sealed containers, (10) require that all of Plaintiff's mail be recorded, (11) arrange for Plaintiff to receive two 50 mg. doses of Ultram four times per day, and (12) arrange for Plaintiff to be assigned a paralegal to assist him with his litigation. Dkt. No. 36, Murray Affirmation.

In support of his Motion, Plaintiff filed an Affidavit. See Dkt. No. 36. However, a review of that Affidavit reveals that Plaintiff sets forth a litany of complaints regarding his present place of incarceration, but rarely identifies any particular individual who has allegedly violated his rights. Rather, Plaintiff refers to "them," "medical staff," "staff," "the C.O.'s," and "these people." On one occasion, with respect to access to the visitation room lavatory, Plaintiff names "C.O. Hasting," "Lt. Quin," and "Lt. Issabella." Plaintiff also alleges that Deputy Superintendent of Security Sheahan told him he would suffer no matter what facility he was in. None of the individuals who Plaintiff has specifically identified in his Affidavit are parties to this action.

In response to the Motion, Defendants assert that the Motion should be denied because Plaintiff has failed to exhaust his administrative remedies, Plaintiff has delayed nearly three years in bringing the Motion, Plaintiff seeks relief against a nonparty, and Plaintiff has not shown any entitlement to the remedy of injunctive relief. *See* Dkt. No. 40.

**C.     The Legal Standard.**

A preliminary injunction "is an extraordinary remedy and should not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted). In most cases, the party seeking the injunction must show "that [he] will suffer irreparable harm in the absence of an injunction and demonstrate either (1) 'a likelihood of success on the merits' or (2) 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly'" in favor of the moving party. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (quotation and other citation omitted). Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory and the movant must make a "clear" or "substantial" showing of the likelihood of success as well as irreparable harm if the court does not grant the injunctive relief. *See Id.* (quotation omitted).

The Court need not reach the merits of Plaintiffs' Motion because it is clear that Plaintiff's Motion seeks an injunction against Commissioner Fischer, an individual who is not a party to this action. Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d)(2); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Chavis v. Ryan*, 9:05-CV-100, 2007 WL 446440, at *1 (N.D.N.Y. Feb. 7, 2007).

In addition, at least some of the relief that Plaintiff seeks in his Motion is not related to the claims in his Amended Complaint. *See Chavis,* 2007 WL 446440, at *1 (noting that "the relief a plaintiff seeks by way of injunction must relate to the

4

allegations contained in the underlying complaint"). *See also Regan*, 858 F.2d, at 115; *Ross v. Keane,* 95 CV 1410, Order, at 3 - 4 (N.D.N.Y. filed September 20, 2000), (Mordue, D.J.); *Candelaria v. Greifinger*, No. 96-CV-0017, 1997 WL 176314, at *11 (N.D.N.Y. Apr. 9, 1997) (Pooler, D.J.) (denying request for injunctive relief where allegations contained in the application were unrelated to claims asserted in complaint); *Chapdelaine v. Keller*, No. 95-CV-1126, 1996 WL 597848, at *4 (N.D.N.Y. Oct. 16, 1996) (Pooler, D.J.) (same); *Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418 (N.D.N.Y. Apr. 28, 1998) (Pooler, D.J.) (same).

Finally, the Court is not persuaded that there is any basis to require that Plaintiff serve all of his papers by certified mail, or that he be permitted to file with the Court papers not typically accepted for filing under the Local Rules for the purpose of making a back up file. The first request simply places needless expense on Plaintiff, or the correctional facility legal mail account. As to the second request, Plaintiff has not shown that he has utilized the internal administrative procedures to locate and seek return of any of his personal property. Further, Plaintiff has not shown that copies of any papers he may have lost can not be obtained either from Defendants' counsel or from the Court. Finally, Plaintiff has offered no justification for burdening the Clerk of this Court with filing all of Plaintiff's documents in this Court.

The Court notes that Plaintiff also requested that the Court issue a new pretrial schedule. Dkt. No. 36. It appears that Plaintiff would like to continue the discovery phase of this action. However, the Court is aware that Plaintiff is an experienced *pro se* litigator and well aware of his obligations under the Pretrial Scheduling Order. The discovery deadline in this action expired on June 30, 2008. Dkt. No. 28. Plaintiff

sought no extension of the deadline before it expired.  Nor did Plaintiff bring a Motion to Compel Discovery by the July 31, 2008 deadline, or otherwise indicate to the Court that discovery remained unanswered.  Accordingly, Plaintiff has made no showing that would compel this Court to re-open discovery in this action.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion for injunctive relief (Dkt. No. 36) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: October 20, 2008

Hon. Glenn T. Suddaby
U.S. District Judge