UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
JAMES MURRAY,

                                    Plaintiff,

    v.                                                             9:05-CV-1186
                                                                     (GTS)(RFT)

EVELYN WISSMAN, Doctor; MANVILLE, Corrections Officer;
T. BROUSSEAU, Inmate Grievance Program Supervisor;
ROY A. GIRDICH, Superintendent; RICHARDS, Physician;
JOHN/JANE DOE #1- #18,

                                  Defendants.
-------------------------------------------------------------------------
APPEARANCES:                             OF COUNSEL:

JAMES MURRAY
Plaintiff, *pro se*
95-A-4417

HON. ANDREW M. CUOMO              MICHAEL G. MCCARTIN, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, UNITED STATES DISTRICT JUDGE

## DECISION and ORDER

     Presently before the Court is a Motion for Reconsideration filed by James

Murray ("Murray").  Dkt. No. 45.  Defendants have opposed the Motion.  Dkt. No. 47.

**A.**     **Background.**

     On August 1, 2008 Plaintiff filed a motion for injunctive relief.  Dkt. No. 36.

Plaintiff's Motion sought an Order from this Court requiring Plaintiff to mail all papers

related to this action by certified mail, and requiring Plaintiff to file all papers relating to

this action with the Court.  Plaintiff further sought an Order from this Court requiring

Commissioner Brian Fischer to (1) immediately transfer Plaintiff to a correctional

facility within 100 miles of Westchester County where Plaintiff has not sued any of the employees, (2) arrange for Plaintiff to be seen by an independent physician, (3) issue Plaintiff a "front cuff order," (4) provide Plaintiff with eyeglasses, (5) issue a "boot permit" to Plaintiff, (6) require that Plaintiff be provided a kosher medical diet, (7) require that Plaintiff be able to use the visiting room lavatory when requested, (8) arrange for Plaintiff to receive receipts for all grievances he files and to have Plaintiff sign a receipt for each response he receives, (9) arrange for Plaintiff to receive all food and drink in sealed containers, (10) require that all of Plaintiff's mail be recorded, (11) arrange for Plaintiff to receive two 50 mg. doses of Ultram four times per day, and, (12) arrange for Plaintiff to be assigned a paralegal to assist him with his litigation. Dkt. No. 36, Murray Affirmation. Defendants opposed the Motion. Dkt. No. 40.

On October 20, 2008 this Court denied Plaintiff's Motion because: (1) it sought an injunction against Commissioner Fischer, an individual who is not a party to this action; (2) at least some of the relief that Plaintiff sought in his Motion was not related to the claims in his amended Complaint; and, (3) there was no basis for this Court to require that Plaintiff file all of his papers by certified mail, or that he be permitted to file with the Court papers not typically accepted for filing under the Local Rules for the purpose of making a back up file. Dkt. No. 44. The Court also denied Plaintiff's request to re-open discovery. *Id.* Plaintiff now seeks reconsideration of the Court's October 20, 2008 Order.

**B.     Plaintiff's Motion For Reconsideration.**

    **1.     The Standard.**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

    **2.     The Arguments.**

Plaintiff's Motion asserts that the Court did not give his Motion due consideration. The basis for this assertion appears to be that the Court did not rule in Plaintiff's favor. Plaintiff's Motion is primarily devoted to reviewing the prior allegations set forth in his Motion for injunctive relief, and simply arguing that, based upon those prior allegations, his Motion for injunctive relief should have been granted. *See* Dkt. No. 45.

Defendants argue that Plaintiff's Motion is simply an effort to have a "second bite at the apple" and to reargue those facts and issues already presented to, and decided by, the Court. Dkt. No. 47.

The Court has fully considered Plaintiff's arguments and finds that Plaintiff has not established any of the factors listed above that are required to sustain his Motion for Reconsideration. Accordingly, the Motion for Reconsideration must be denied.

WHEREFORE, it is hereby

3

ORDERED, that Plaintiff's Motion for Reconsideration (Dkt. No. 45) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:		December 16, 2008

Hon. Glenn T. Suddaby
U.S. District Judge