UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES MURRAY,

                Plaintiff,

                                                                   9:05-CV-1186
   v.                                                          (GTS)(RFT)

DR. EVELYN WISSMAN; C.O. MANVILLE;
T. BROUSSEAU, Inmate Grievance Program Supervisor;
ROY A. GIRDICH, Superintendent; DR. RICHARDS;
and JOHN/JANE DOE 1-18,

                Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

JAMES MURRAY, 95-A-4417
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ANDREW M. CUOMO                    MICHAEL G. McMARTIN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action filed by James Murray ("Plaintiff") pursuant to 42 U.S.C. § 1983 is Plaintiff's motion for an extension of time to submit a motion for reconsideration of, and/or an appeal from, United States Magistrate Judge Randolph F. Treece's Order of August 5, 2009, which denied Plaintiff's request for a fourth extension of time to respond to Defendants' motion for summary judgment. Dkt. No. 66 at. 1. In light of Plaintiff's *pro se*

status,[1] the Court will liberally construe his motion as Objections to Magistrate Judge Treece's Order of August 6, 2009. For the reasons set forth below, Plaintiff's Objections are denied, and Magistrate Judge Treece's Order is affirmed.

## I.     RELEVANT BACKGROUND

Plaintiff commenced this action on September 19, 2005. Dkt. No. 1. He filed an Amended Complaint on November 18, 2005. Dkt. No. 6. Defendants filed a motion for summary judgment on January 20, 2009. Dkt. No. 57. Plaintiff was directed to respond to the motion on or before February 17, 2009. *Id.* However, Plaintiff had not responded to the motion as of April 22, 2009.

In light of Plaintiff's *pro se* status, United States Magistrate Judge Randolph F. Treece *sua sponte* granted Plaintiff, by Order dated April 22, 2009, an extension of time until May 22, 2009, to respond to Defendants' motion for summary judgment. Dkt. No. 58. Magistrate Judge Treece also provided Plaintiff with additional notice with regard to the nature of summary judgment and the consequences that could occur should Plaintiff opt not to respond.[2] *Id.* Finally, at Plaintiff's request,[3]

---

[1]   A *pro se* Plaintiff's submissions must be liberally construed. *Matias v. Artuz,* 8 F. App'x 9, 11 (2d Cir. 2001). The policy of liberally construing *pro se* submissions is driven by the understanding that "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 [2d Cir. 1983]).

[2]   Magistrate Judge Treece noted that, in accordance with Local Rules 7.1(a)(3) and 56.2, Defendants had provided Plaintiff with a Notification of the Consequences of Failing to Respond to a Summary Judgment Motion. Dkt. No. 57-2. In addition, the undersigned notes that Plaintiff had, by the time in question, received similar notice in other of his *pro se* prisoner civil rights actions, in which motions for summary judgment were pending against him. *See*, *e.g.*, *Murray v. New York*, 03-CV-1010 (N.D.N.Y.); *Murray v. Goord*, 05-CV-1579 (N.D.N.Y.).

[3]   In support of this request, Plaintiff stated that many of his legal papers had been mixed up, destroyed, or stolen "under the pretext of a cell search" by correctional officers at his facility and he was waiting for his mother to deliver replacement copies to him. Dkt. No. 61 at 2-3.

on May 28, 2009, Magistrate Judge Treece granted Plaintiff *one last extension of time,* until June 30, 2009, to respond to Defendants' motion for summary judgment. Dkt. No. 61.

However, Plaintiff did not respond to the motion by June 30, 2009. Instead, Plaintiff again sought an extension of time to respond because, on June 5, 2009, he was transferred to another facility for a deposition and his "court bag," which contained papers he intended "to work on while away in transit to make deadlines" was lost. Dkt. No. 62 at 2-3. He therefore claimed that he was unable to work on his response to the motion for summary judgment until he returned to his original facility on June 19, 2009. *Id*. at 3. Plaintiff also cited his lack of supplies, money, legal assistance, and the fact that he had "many other matters and time constraints" as reasons for his inability to comply with the final deadline of June 30, 2009, previously set by the Court. *Id*. at 4. Exercising extreme solicitude, and in an abundance of caution, Magistrate Judge Treece granted Plaintiff one more *final extension* of time, until July 31, 2009, to respond to the motion for summary judgment. Dkt. No. 63 at 2.

Despite being told that his last two extensions were *final*, Plaintiff requested another extension of time from the Court to respond to Defendants' motion for summary judgment, citing his lack of sufficient paper, carbon paper, paralegal assistance, loss of some of his documents, and other pending legal matters for his inability to respond to the Motion in a timely manner. Dkt. No. 64. Noting that Plaintiff has already received three generous extensions of time to submit his response to Defendants' motion for summary judgment amounting, in total, to a period in excess of five months, Magistrate Judge Treece denied, by Order filed on August 5, 2009, Plaintiff's request for a further extension of time. Dkt. No. 65.

3

## II.   ANALYSIS

A party is entitled to file objections to a non-dispositive pretrial order issued by a magistrate judge within ten days of being served with the order.  Fed. R. Civ. P. 72(a).  "The district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] that is clearly erroneous or is contrary to law."  *Id.*

In his Objections, Plaintiff advises the Court of his inability to timely file legal papers with the Court because (1) he does not have sufficient paper, (2) he is not "getting legal assistance from Prison officials," (3) his action is "complicated," (4) he is incarcerated in the Special Housing Unit, and (5) prison staff may be interfering with his mail.  Dkt. No. 66.  The Court has carefully reviewed Magistrate Judge Treece's Order of August 6, 2009, together with Plaintiff's objections thereto (as well as all the papers in the proceeding); and the Court finds that the Order of August 6, 2009, is not clearly erroneous or contrary to law.[4]  As a result, Plaintiff's Objections to Magistrate Judge Treece's Order of August 6, 2009, are denied, and the Order is affirmed.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Objections (Dkt. No. 66) to Magistrate Judge Treece's Order of August 6, 2009 (Dkt. No. 65) are **DENIED**, and the Order is **AFFIRMED**.

Dated: September 9, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[4]   The Court notes that Magistrate Judge Treece's Order would survive even a *de novo* review.