UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES MURRAY,

                Plaintiff,

v.                                                   9:05-CV-1186
                                                      (GTS/RFT)

EVELYN WEISSMAN, Doctor; C. MANVILLE,
Corrections Officer; T. BROUSSEAU, Inmate
Grievance Program Supervisor; ROY A.
GIRDICH, Superintendent; C. RICHARDS,
Physician; and JOHN/JANE DOES ## 1-18,

                Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

JAMES MURRAY, 95-A-4417
   Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                     MICHAEL G. McCARTIN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

     Currently before the Court in this *pro se* prisoner civil rights action filed by James Murray ("Plaintiff") are Defendants' motion for summary judgment (Dkt. No. 57), and United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Defendants' motion be granted in its entirety and that Plaintiff's Amended Complaint be dismissed. (Dkt. No. 68.) Plaintiff has not submitted an Objection to the Report-

Recommendation.  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted in its entirety; and Plaintiff's Amended Complaint is dismissed in its entirety.

I.     **RELEVANT BACKGROUND**

Plaintiff filed his original Complaint in this action on September 19, 2005.  (Dkt. No. 1.) After an Order of Compliance was issued by the Court on September 28, 2005, Plaintiff timely filed an Amended Complaint in this action on November 18, 2005.  In his Amended Complaint, Plaintiff asserts Eighth Amendment claims for inadequate medical care and insufficient prison conditions.  (Dkt. No. 6.)  More specifically, Plaintiff alleges that (1) he was denied adequate medical care when Defendants Weissman and Richards failed to properly diagnose and treat his spine/hip condition, (2) Defendants Weissman and Girdich allowed an improper sick call policy wherein prisoners were passed over by the Nurses during sick call, (3) Defendant Manville denied him adequate bedding, recreation, food, supplies and showers, (4) Defendant Brousseau failed to process his grievance claims, and (5) Defendant Girdich was aware of the actions of Defendants Manville and Brousseau.  (*Id*.)

On January 20, 2009, Defendants filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims. (Dkt. No. 57.)  In their motion, Defendants make the following arguments in support of their request: (1) Plaintiff has failed to establish an Eighth Amendment claim for medical indifference; (2) Plaintiff has failed to show the personal involvement of Defendants Weissman and Girdich with respect to the sick call policy; (3) Plaintiff has failed to establish his conditions of confinement claim; and (4) Defendants are entitled to qualified immunity.  (*Id*.)  Defendants additionally sought to have the John and Jane Doe Defendants

dismissed from the action pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).  (*Id*.)

After being granted several extensions of time by the Court, Plaintiff failed to submit a response to Defendants' motion.  (*See, e.g.,* Dkt. Nos. 58, 61, and 63.)  On September 17, 2009, Magistrate Judge Treece issued a Report-Recommendation recommending that Defendants' motion be granted in its entirety.  (Dkt. No. 68.)  Familiarity with the grounds of Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order.  Plaintiff has not submitted an objection to the Report-Recommendation and the time in which to do so has effectively expired.[1]

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[2]

---

[1] On September 30, 2009, Plaintiff submitted a letter to the Court, requesting that the Court grant him an extension of time by which to file Objections to the Report-Recommendation.  (Dkt. No. 69.)  Although Plaintiff had been granted numerous extensions throughout the duration of these proceedings, in light of his *pro se* status, the Court granted Plaintiff a "FINAL extension of time until November 2, 2009."  (*See* TEXT ORDER dated 10/02/2009.)  Despite being granted this extension, Plaintiff failed to timely file any Objections.

[2] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.     Standard Governing a Motion for Summary Judgment

Magistrate Judge Treece correctly recited the legal standard governing a motion for summary judgment, including the standard governing such motions that are not properly opposed by *pro se* litigants. (*See* Dkt. No, 68, pages 2 - 4 and 7 - 8.) As a result, that standard is incorporated by reference herein.

The Court would only add that, where a non-moving party willfully fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute-even if that nonmoving party

---

[3]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

is proceeding *pro se*.[4] This is because the Court extends special solicitude to the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of willfully failing to properly respond to the motion for summary judgment.[5] (In this case, the Court finds that Plaintiff received such notice on April 22, 2009 [*See* Dkt. No. 58, at 2-3].)[6] As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[7] For this reason, this Court has often enforced Local Rule

---

[4] *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord, Lee v. Alfonso*, 04-CV-1921, 2004 WL 2309715 (2d Cir. Oct. 14, 2004), *aff'g*, No. 97-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[5] *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept.18, 2006) (McAvoy, J.) ("When dealing with a pro se party, certain procedural rules apply so as to insure that the pro se litigant is not disadvantaged by the lack of legal training. In this regard, the Local Rules require that [a pro se party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted].

[6] The Court notes that this notice was also provided to Plaintiff in (1) the Court's Local Rules of Practice, which were provided to the correctional facility in which Plaintiff was incarcerated, and (2) the copy of the Court's Local Rules that was sent to Plaintiff on February 2, 2009, along with the District's *Pro Se* Manual. The Court also notes that, after receiving the April 22, 2009, notice in this case (Dkt. No. 58), Plaintiff sought four extensions of time in which to respond to Defendants' motion, three of which were granted by the Court. (*See*, *e.g.* Dkt. Nos. 61, 63, and 65.)

[7] *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed ... we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a pro se [litigant] that would normally be attended to by trained counsel as a matter of course.");

7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has failed to properly respond to that statement[8]–even where the nonmoving party was proceeding *pro se* in a civil rights case.[9]

---

*Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a pro se litigant]."); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although pro se litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . . This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a pro se litigant's pleadings must be construed liberally, . . . pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a pro se litigant] does not exempt [the pro se] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[8] Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L.R. 7.1(a)(3).

[9] *See, e.g., Hassig v. N.Y.S. Dep't of Envtl. Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S.App. LEXIS 21432; *Harvey v. Morabito*, 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455, 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y.1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1 n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1 n.2 (N.D.N.Y. Aug.21, 1998) (Scullin, J.); see also

After carefully reviewing all of the papers herein, including Magistrate Judge Treece's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation.[10]  As a result, the Report-Recommendation is accepted and adopted in its entirety, for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 68) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 57) is **GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED** in its entirety.

Dated: November 12, 2009
     Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge

---

*Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in pro se civil rights case, district courts' discretion to adopt local rules like 7.1[a] [3] "to carry out the conduct of its business").

[10]    The Court notes that Magistrate Judge Treece's Report-Recommendation would survive even a *de novo* review.